IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKEY WHITE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-23-527-R |
| | ) |
| **OKLAHOMA DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner Rickey White, a state prisoner appearing *pro se*, filed this habeas action under 28 U.S.C. § 2241 seeking relief from his state conviction and life sentence. (Doc. No. 1). Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell (Doc. No. 3). On June 26, 2023, Judge Mitchell issued a Report and Recommendation (Doc. No. 8) wherein she recommended that the Petition be construed as arising under 28 U.S.C. § 2254 and dismissed as a second or successive habeas petition without Tenth Circuit authorization. Judge Mitchell also recommended imposing filing restrictions on Mr. White. The matter is currently before the Court on Petitioner's Objection to the Report and Recommendation (Doc. No. 9) which gives rise to this Court's obligation to undertake *de novo* review. Having done so, the Court finds as follows.

In his Objection to the Report & Recommendation, Petitioner does not address Judge Mitchell's conclusion that he has filed a second or successive habeas petition without Tenth Circuit authorization. Instead, he argues that the trial court "failed to specifically

state in his judgment and sentence to set forth a sufficient reason of element statutory on 1st degree murder on the conviction" (*Id.* at 2), and that "a reasonable jurist could find the prosecutor or trial court 'did not' prove the element statute preponderance of the evidence to the juror on first degree murder and 'was not' in his judgment and sentence." (*Id.*). Additionally, he claims that "the court also did not set forth to specific issue that satisfy substantial showing standard." (*Id.* at 3). None of these arguments pertain to whether White was authorized to file a second or successive habeas petition.

"Before a second or successive application . . . is filed in the district court," a petitioner is required to "move in the [Tenth Circuit Court of Appeals] for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This statutory requirement is jurisdictional. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization."). Petitioner has not set forth any argument addressing whether this Court has jurisdiction. Thus, the Court concludes that it lacks jurisdiction and dismisses the Petition (Doc. No. 1) as an unauthorized second or successive § 2254 habeas action.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny of Certificate of Appealability upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

Finally, Judge Mitchell recommends that filing restrictions be imposed on Mr. White because he has repeatedly filed frivolous and successive challenges.[1] Petitioner has raised no objection to the recommended restrictions, and the Court finds that the restrictions are appropriately tailored to provide Petitioner access to the Courts while allowing this Court to effectively manage its docket.

For the reasons set forth above, the Report and Recommendation (Doc. No. 8) is ADOPTED in its entirety. Petitioner Rickey White's Petition (Doc. No. 1) is DISMISSED, and the Court DECLINES to issue a certificate of appealability. Accordingly, Petitioner's Motion to Modify the Judgment and Sentence on the Conviction (Doc. No. 6) and Motion

---

[1] *See e.g., White v. Farris*, CIV-21-108-RAW-KEW, 2021 WL 5015602, at *1 (E.D. Okla. 2021) ("Petitioner also has filed the following second or successive § 2254 habeas petitions in this Court: *White v. Workman*, No. CIV 12-001-RAW-KEW (E.D. Okla. Jan. 12, 2012); *White v. Workman*, No. CIV 12-071-RAW-KEW (E.D. Okla. Feb. 24, 2012), *certificate of appealability denied*, Nos. 12-7015 & 12-7023 (10th Cir. May 23, 2012); *White v. Workman*, No. CIV 12-196-FHS-KEW (E.D. Okla. June 13, 2012); *White v. Workman*, No. CIV 12-306-RAW (E.D. Okla. July 17, 2012); *White v. Trammel*, No. CIV 13-185-RAW-KEW (E.D. Okla. May 16, 2013); *White v. Allbaugh*, No. CIV 19-080-JHP-KEW (E.D. Okla. Apr. 19, 2019), *authorization for second or successive petition denied*, No. 19-7026 (10th Cir. May 21, 2019); *White v. Crow*, No. CIV 20-116-RAW-KEW (E.D. Okla. July 14, 2020), *appeal docketed*, No. 20-7036 (10th Cir. July 20, 2020); and *White v. Farris*, No. CIV 20-371 JFH-KEW (Dec. 22, 2020)."); *White v. Yates*, CIV-18-1072-R, 2018 WL 6928921, at *2 ("Petitioner has made four attempts to obtain authorization from the Tenth Circuit to file a second or successive petition, the last one as recently as April 2018.").

for Certificate of Appealability (Doc. No. 10) are DENIED as moot. The following filing restrictions shall be imposed upon entry of this Order:

1. Petitioner must present all future habeas petitions, whether filed under 28 U.S.C. § 2254 or § 2241, upon the form petition provided for such use in the District of its filing. No additional pages shall be attached or inserted.
2. All future petitions must include a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Petitioner in this or any other court of law or equity (whether state or federal). Each case must be listed in the following manner: by style (title) of the case; docket number; court; date filed; description of the case; and disposition and date thereof.
3. All of Petitioner's petitions must include an affidavit: (1) citing to the order imposing these filing restrictions; (2) stating affirmatively that he has complied with all filing restrictions; and (3) concluding with a paragraph that Petitioner has signed the petition, the list of prior litigation, and the affidavit "[i]n Accordance with Rule 11 of the Federal Rules of Civil Procedure, in full acknowledgment of the representations that are being made to the Court thereby."

**IT IS SO ORDERED** this 1st day of September 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE